**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHRISTOPHER GAGNON,<br><br>Plaintiff,<br><br>v.<br><br>TMS NEUROHEALTH CENTER SERVICES, LLC<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*** | Civil Action No. 8:25-cv-01434-PX |

## MEMORANDUM OPINION

Pending in pro se Plaintiff Christopher Gagnon ("Gagnon")'s employment discrimination action is a motion for summary judgment filed by Defendant TMS Neurohealth Center Services, LLC ("TMS"). ECF No. 23. No hearing is necessary. D. Md. Loc. R. 105.6. For the following reasons, TMS's motion for summary judgment is GRANTED.

### I. Background

The record, produced by TMS and construed most favorably to Gagnon as the nonmovant, reflects that Gagnon worked as a Behavioral Health Technician at TMS from May to September of 2023. ECF Nos. 23-1 & 23-6. On August 31, he expressed concerns about his working conditions and inquired about free mental health therapy for TMS employees. ECF Nos. 23-5 & 23-6 at 5. After TMS personnel directed him to available resources, Gagnon replied that no "further communication will be beneficial" and that the "matter [was] resolved." ECF No. 23-5; *see* ECF No. 23-6. The next day, Gagnon left work early without notifying a supervisor. *Id.* at 5–6. He communicated after the fact that he left because he had "a mental health crisis" and had silenced his phone because he "was with family for support and celebrating a personal event." *Id.* Human Resources Vice President, Brittany Schwemmer, with whom Gagnon had been in contact

about mental health resources, stated that Gagnon's unwarned absence was "not acceptable," especially because Gagnon had told her that all mental health support requests "ha[d] been resolved" and because his actions left his team members "scrambling to ensure that all scheduled patients were able to receive treatment." *Id.*

After receiving a right to sue letter from the Equal Employment Opportunity Commission, ECF No. 1-3, Gagnon, representing himself, sued TMS in this Court for violating the Americans with Disabilities Act of 1990 ("ADA"), Pub. L. No. 101-336, 104 Stat. 327 (codified as amended at 42 U.S.C. §§ 12101-12213 and 47 U.S.C. § 225), ECF No. 1. TMS answered the Complaint, and discovery ensued. ECF Nos. 10 & 11. Gagnon did not participate in discovery at all; he provided no answers to TMS's interrogatories, produced no documents, and missed all deadlines. ECF Nos. 19 & 21. After the close of discovery, Gagnon moved for an extension of time, ECF No. 20, which the Court rejected for lack of good cause shown, ECF No. 22. TMS now moves for summary judgment. ECF No. 23.

## II. Standard of Review

Summary judgment is appropriate when the Court, viewing the evidence in the light most favorable to the non-moving party, finds no genuinely disputed issue of material fact, entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).

Where the party bearing the burden of proving a claim or defense "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment against that party is likewise warranted. *Celotex*, 477 U.S. at 322.

**III. Analysis**

TMS argues that summary judgment must be granted in its favor because Gagnon has adduced no evidence from which a reasonable juror could find in his favor on an ADA denial of accommodations claim. ECF No. 23 at 8–10. To survive challenge, Gagnon must adduce some evidence that (1) he is an individual who had a disability otherwise qualified for his position, (2) "the employer had notice of his disability," (3) "with reasonable accommodation he could perform the essential functions of the position," and (4) "the employer refused to make such accommodation." *Wirtes v. City of Newport News*, 996 F.3d 234, 238–39 (4th Cir. 2021) (quoting *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013)). The record, however, merely reflects that Gagnon had asked about possible accommodation, but then ended the discussion before TMS could respond. Further, to the extent Gagnon was pursuing a disability discrimination claim premised on his termination, he has adduced no evidence that he was fired because of his disability. *Gentry v. E. W. Partners Club Mgmt. Co., Inc.*, 816 F.3d 228, 235–36 (4th Cir. 2016). Rather, the record reflects that TMS terminated him because he left his post at work and silenced his phone, leaving TMS coworkers in the lurch.

Nor does Gagnon's response to the motion generate a genuine issue of disputed fact. His filings are, in short, nonresponsive. ECF Nos. 27, 28, & 29. Accordingly, absent any evidence to support any claim under the ADA, summary judgment must be granted in TMS's favor.

## IV. Conclusion

For the foregoing reasons, TMS's motion for summary judgment is granted. A separate Order follows.

October 29, 2026
Date

/s/
PAULA XINIS
United States District Judge